IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONNIE LEE JACKSON,** : | **CIVIL ACTION NO. 1:05-CV-1948** |
| Petitioner : | (Judge Conner) |
| v. : | |
| **UNITED STATES OF AMERICA,** : | |
| Respondents : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 in which Ronnie Lee Jackson, ("Jackson") alleges that the Federal Bureau of Prisons (BOP) incorrectly computed credit due on his federal sentence. For the reasons set forth below, the petition will be denied.

**I.   Statement of Facts**

On March 13, 2002, Jackson was sentenced to a State of Pennsylvania term of incarceration of one to two years for sexual assault, false imprisonment, and criminal conspiracy. (Doc. 6-2, p. 4). During his state imprisonment, he was placed in the custody of federal authorities on two separate occasions pursuant to a writ of habeas corpus *ad prosequendam* to answer to unrelated federal charges for food stamp fraud in violation of 7 U.S.C. § 2024(b), money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and structuring a transaction to evade reporting requirements in violation of 31 U.S.C. § 5324, in the United States District Court for the Eastern District of Pennsylvania. (Id.).

Jackson was sentenced on March 19, 2003. (Doc. 6-2, p. 21). At the hearing, the court determined a guideline range of 84 to 105 months. (Doc. 6-2, p. 15). The following exchange took place prior to the imposition of sentencing:

> MR. BRENNAN: I would request . . . that [he be incarcerated] somewhere local, perhaps Fairton, so he can be close to his wife. The Court's familiar with her, she was a co-defendant in this case, and that - - he has been in for, I think, this is March - - almost a year, that he be credited for whatever time he served.
>
> THE COURT: All right.

(Doc. 6-2, p. 20).

In imposing sentence, the court stated as follows:

> THE COURT: When you look at Mr. Jackson's history, it is significant. Convictions in '81, '91, '92, 2001, another one in '91, five different convictions, four arrests that he escaped conviction on, and it is a significant prior criminal history.
>
> The request that has been made to, in essence, try to give Mr. Jackson the benefit of his original bargain. I can accept that to a point, but I feel that justice in this matter requires that a sentence be imposed within the Guidelines as they presently exist in a way that represents his history, his crime here, the magnitude of it. I think there's restitution of $1.2 million that has to be ordered in this, and Mr. Jackson knew very well exactly what he was doing all along the line. . . . So under the circumstances, it's my intention, counsel, to impose a sentence - - I'm going to impose a sentence of seven years. That's within the Guidelines and is reasonable.

(Doc. 6-2, p. 21).

After imposition of the sentence, the following took place:

> MR. BRENNAN: And, Your Honor, the last request was just - - and it's really perfunctory - - but he be given credit for the time he's served.

>    THE COURT:  Yes, Indeed.
>
>    MR. BRENNAN:  Okay.

(Doc. 6-2, p. 22).  The Judgment and Commitment forms reflect the total term of imprisonment of 84 months, and are "'silent' with regard to the relationship of the federal sentence with the state sentence that the Petitioner was serving at the time of sentencing."  (Doc. 1, p. 17; Doc. 6-2, p. 5).

At the conclusion of his sentencing hearing, Jackson was returned to the custody of the State of Pennsylvania.  He was paroled from the state charges on March 22, 2003, at which time federal authorities assumed primary custody.  He received prior custody credit pursuant to 18 U.S.C. § 3585(b) for four days which were not applied to his state court sentence:  August 1, 2001; August 2, 2001; February 16, 2002; March 20, 2002.  (Doc. 6-2, p. 6).

## II.     Discussion

A petition for writ for habeas corpus under § 2241 is the proper vehicle for relief "where the petitioner challenges the effects of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.1976), and where he challenges the execution of his sentence rather than its validity.  See United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Jackson has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned.  Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir.1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, <u>United States v. Wilson</u>, 503 U.S. 329 (1992), 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons.  28 C.F.R. § 0.96 (1992).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process:  (1) a determination of the date on which the federal sentence commences and, (2) consideration of any credit to which petitioner may be entitled.

Section 3585(a) governs the commencement of service of a federal sentence and provides that  a sentence commences "on the date the defendant is received in custody awaiting transportation to, or  arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Credit for time served is governed by 18 U.S.C. § 3585(b).  This section provides the following:

> A defendant shall be given credit toward the service of a term of
> imprisonment for any time he has spent in official detention
> prior to the date the sentence commences - -
>
> > (1)  as a result of the offense for which the sentence was
> > imposed; or
> >
> > (2)  as a result of any other charge for which the
> > defendant was arrested after the commission of the
> > offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Jackson does not dispute the prior credit he has been awarded pursuant to § 3585(b).

Rather, Jackson is seeking credit toward his federal sentence for the time he spent in state custody in accordance with section 5G1.3(c) of the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 1, pp. 2-3). Federal law, specifically, 18 U.S.C. § 3584 and section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G."), allows a sentencing court to award a concurrent sentence to a defendant who is subject to an undischarged term of imprisonment. Section 5G1.3 endeavors to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding)." Wilson, 503 U.S. at 404-05.

The sentencing court's authority under §5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. §3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002). In Ruggiano, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-

existing sentence pursuant to U.S.S.G. §5G1.3(c). [1]  Id.  To determine the credit intended, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives."  Rios v. Wiley, 201 F.3d at 264 (3d Cir. 2000).  When there is an ambiguity between the oral pronouncement of sentence and the written sentence, the court may recognize that the oral sentence "often consists of spontaneous remarks" that are "addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law."  Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d 257, 268 (3d Cir. 2000).  It is therefore essential to consider the context in which the statement is made.  Id. at 134.

Jackson argues that oral statements made by the judge during sentencing amounted to court directives that he receive credit toward his federal sentence for the time he served on his preexisting state court sentence.  The court does not agree.

---

[1] Notably, application note 3(E) to U.S.S.G. §5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. N. 3(E)(2003)) appears to conflict with the holding in Ruggiano. The note provides that "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment."  Although credit may be given in extraordinary circumstances for time served on a pre-existing sentence, the credit is properly deemed a downward departure and not an adjustment. Notwithstanding this note, Ruggiano remains the controlling precedent.  While the Third Circuit Court of Appeals has addressed the effect of note 3(E) on the Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done so in a "Precedential" opinion.  See United States v. Destio, 153 Fed. Appx. 888, 893-84 (2005).

Prior to imposition of the sentence, counsel requested that Jackson be credited for whatever time he served and the judge remarked, "All right." (Doc. 6-2, p. 20). Considering the context of the proceedings, it is clear that this was simply a spontaneous remark, not a pronouncement concerning the sentencing judge's intent to afford Jackson credit for time served on his state court sentence.

Following imposition of the sentence, counsel again requested that Jackson be given credit for time served and the judge responded, "Yes, indeed." (Doc. 6-2, p. 22). Given the judge's detailed summary of Jackson's "significant prior criminal history," his conclusion that a sentence within the U.S.S.G. would represent the criminal history and the magnitude of the federal crime committed by Jackson, and the lack of any reference to a concurrent sentence, this court finds that the judge's assent to award credit for time served was a non-binding recommendation for the BOP to award credit, if appropriate, under 18 U.S.C. § 3585(b), rather than a directive that Jackson's sentence be adjusted pursuant to §5G1.3(c). See Bailey v. Nash, 134 Fed.Appx. 503, 506 (2003). Consequently, the petition for writ of habeas corpus will be denied.

An appropriate order will issue.

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 5, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE LEE JACKSON,** | : | **CIVIL ACTION NO. 1:05-CV-1948** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 5th day of June, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge